of. We cannot so construe the will as to accomplish this result.

The prayer of the petition is consequently denied and the petition is dismissed.

*Petition dismissed.*

SAYRE and MIDDLETON, JJ., concur.

———————

THE CENTRAL CASUALTY CO. *v.* FLEMING.

*Insurance—Accident—Insured killed within month after application accepted and policy delivered—Allegations of petition sufficient to establish absolute liability—Evidence —Conversation between insured and insurance agent before application signed, competent, when—Contracts may rest partly in parol and partly in writing—Charge to jury —Unwritten request to charge, before argument, properly refused, when—Section 11447, General Code—Refusal of request containing more than one proposition of law, not error.*

1. Petition, alleging soliciting of contract insuring deceased against loss of life by accident, signing of application by deceased, acceptance by insurer, insured's accidental death, and that policy became absolute, *held* to state cause of action.

2. Where contract for accident insurance was based on oral agreement of insurer's agent, and application afterwards signed was supposed to contain agreement, evidence of conversation of insured with agent *held* competent to show whether contract preliminaries were entered into.

3. Contracts may rest partly in parol and partly in writing.

4. Refusal of unwritten request to charge *held* not error, in view of Section 11447, par. 5, General Code.

5. Refusal of request to charge, which contained more than one proposition of law, *held* not error.

(Decided February 9, 1926.)

ERROR: Court of Appeals for Stark county.

*Messrs. Weinland, Kahle & Atwood,* and *Messrs. Amerman & Mills,* for plaintiff in error.

*Messrs. Turner, Ake & Abt,* for defendant in error.

SHIELDS, J. This is an action upon a contract for insurance against loss of life by accident. The parties here are in the reverse order in which they were in the court below.

In her petition, the plaintiff, Geraldine Fleming, after alleging that the Casualty Company is a mutual insurance company, incorporated, and devoted alone to accident and health insurance, says that on July 22, 1924, said company, by its duly authorized agent, Charles Steiner, solicited a contract of insurance with one William D. Fleming; that the company represented and warranted in writing that it would insure said Fleming against loss of life by accident, and that in the event of the accidental death of Fleming within one year from the date of his application for insurance the company would pay to his beneficiary the sum of $1,000; that said Steiner, acting for and on behalf of the company, verbally represented and warranted to Fleming that, in the event of his accidental death at any time within one year from the date of his application, the company would pay to his widow, the plaintiff herein, said sum of

$1,000; that said Fleming relied upon said representations and warranties so made to him, and entered into a contract with the company, by the terms of which said company agreed to and did insure said Fleming for the benefit of said plaintiff and agreed that, in the event of his accidental death within one year, it would pay to plaintiff the sum of $1,000; that in pursuance of said agreement Fleming signed a written application for insurance; that said application was accepted by said company from and after July 24, 1924, at 12 o'clock noon, whereby said company became bound to indemnify plaintiff in the sum of $1,000 in the event of accidental death to said Fleming within one year from said date; that thereafter, on July 25, 1924, said Fleming met his accidental death by being shot and killed by an unknown assailant; that thereupon said insurance contract became absolute, and there became due and owing to plaintiff by reason thereof said sum of $1,000; that plaintiff made proof to said company of the death of said William D. Fleming, the insured, and demanded payment of $1,000, which said company refused to pay, for which sum plaintiff prays judgment.

For answer, and for its first ground of defense, the defendant, the Central Casualty Company, expressly denies each and every allegation in the petition, except that it is an incorporated insurance company and that a demand for the payment of $1,000 was made upon it by plaintiff, as alleged in said petition. Further answering, defendant says that on July 22, 1924, said Fleming made application in writing to defendant for an

insurance policy, a copy of which is attached to plaintiff's petition, which application provides:

"That the said William D. Fleming did, at the time he signed the same, understand and agree that no benefits should accrue on such insurance until said application was accepted by the secretary of the company, and that no agent, collector, or solicitor of this defendant was authorized to extend credits, or waive or extend or change any of the terms, conditions, or provisions of the policy, and that all statements made to the agent relative to the insurance were embodied in said application; that said application does not contain the terms and conditions of the policy of insurance to be issued thereon; that at the time said application was signed by said William D. Fleming he knew the terms and conditions of the policy of insurance which defendant was to issue thereon, and which was issued thereon as hereinafter alleged; further, that the said application was forwarded to this defendant at its home office at Columbus, Ohio, and was accepted July 24, 1924, by the issuance and forwarding of a policy of insurance, in the form regularly issued by it, a copy of which is attached; that said policy of insurance provided for the payment of the sum of $1,000 to the plaintiff if the said William D. Fleming should sustain personal bodily injuries, through accidental means, while the said contract of insurance is in full force and effect, and after it has so continued for one month, and the death of the said William D. Fleming should occur as a result of such injury within three months from the date of the accident; that said policy had not continued in full force and

effect for the period of one month at the time of the death of the said William D. Fleming, and defendant therefore prays that said petition be dismissed.''

For reply, plaintiff admits that the application signed by the said Fleming was forwarded to the defendant's home office at Columbus, Ohio, and was accepted by said company, and that a policy of insurance was issued thereon, but she denies that the policy of insurance issued to said Fleming is the same in terms and conditions as said company represented and agreed with said Fleming would be issued to him upon the application signed by him, and she denies that the policy which was in fact issued to Fleming is the one that was to be delivered to him under the terms and conditions of the contract entered into between said Fleming and said company. She further denies that said contract which was entered into between said Fleming and said company contained any limitations of restrictions or provisions as set forth in said defendant company's answer, or that said policy, which was to be issued and delivered to him, under the terms and conditions of said contract, was to contain any such limitations, restrictions, or conditions.

Upon these issues the case was given to a jury, a verdict rendered in favor of plaintiff, and a motion for new trial being overruled, judgment was entered on the verdict. Error is here prosecuted to reverse that judgment.

Objection was made to the sufficiency of the petition on the ground that it does not state a legal cause of action. We think it is only necessary to

state that, in the light of precedents in this class of cases, an examination of the petition clearly shows that it contains all the allegations necessary to constitute a cause of action.

Referring to the exceptions taken to the evidence introduced on behalf of the plaintiff, over the objection of defendant, was the alleged conversation of plaintiff with the agent of defendant competent, as the same appears on page 4 of the record, as follows:

"Q. Was a receipt taken at that time (referring to the time of the payment to Steiner, agent, of the quarterly premium for the policy)? A. Yes, he gave me a receipt.

"Q. (Showing the witness a paper, Plaintiff's Exhibit E.) I will ask you whether or not that is the receipt that you received at that time. A. Yes.

"Q. At that time, at the time this receipt was given, what, if anything, did Mr. Steiner say? (Defendant objects.)

"Court: I will hear counsel at this time on both sides.

"By Mr. Abt: Will you admit that Mr. Steiner was the agent for the company?

"By Mr. Kahle: Yes.

"Court: I apprehend that was the ground of the objection. I would be glad to have your authorities.

"Mr. Kahle: 9 Ohio Dec., 589; 62 Ohio St., 256.

"Court: May I ask for the exhibits that have been identified? A. He handed me the receipt, and told me to keep that and not to lose it; it

was the same as my policy; that, if anything happened to Mr. Fleming, I would receive $1,000.

"(Defendant moves to strike out answer.)  By the Court: It may remain. (Defendant excepts.)

"Q. Had there been any talk on that subject before the receipt was given? (Defendant objects.)

"Q. You can answer that yes or no. (Objection overruled. Defendant excepts.)  A. Yes.

"Q. And what was said about it? (Defendant objects. Objection overruled. Defendant excepts.)  A. That was in a joking way; acting the fool, the Mister first said to Mr. Steiner, 'Suppose somebody comes up here and holds me up and shoots me; would my wife get the $1,000?' And Mr. Steiner said 'Certainly she would.' (Defendant objects. Objection overruled. Defendant excepts.)''

This conversation was admitted, not to prove a contract at that time, but simply as explanatory of the application, which by its terms did not become effective until accepted by the secretary of plaintiff in error. It appears that the application made was the outcome of a preliminary conversation had between decedent and the agent of plaintiff in error as to what future financial provision could be made for the former's wife in the event said decedent should insure with plaintiff in error, when Steiner, as agent of plaintiff in error, verbally represented and warranted for and on behalf of plaintiff in error, as claimed by defendant in error, that in the event said decedent should insure with said company, and should meet accidental death within one year from the date

of the application made for the insurance, then plaintiff in error would pay decedent's widow the sum of $1,000. And relying on said representations and warranties said decedent signed said application and paid the premium for insurance, which application was accepted by the secretary of plaintiff in error on July 24, 1924, and became effective on that day. Assuming that such preliminary conversation did take place, would it not tend to prove the existence of a fact, not a contract, but a fact tending to show the taking of the preliminary steps looking to the execution of a contract?

Contracts may rest partly in parol and partly in writing, and it is apparent that the steps thus taken were in parol. Here the action is based on an oral agreement, and an application afterwards signed, supposed to contain said agreement and limited to the express purpose of showing whether or not the contract preliminaries were entered into, as claimed, and not for the purpose of varying or contradicting the terms of a written contract. We think the trial court did not err in permitting this conversation to go to the jury.

It is also urged that the trial court erred in refusing to give in charge to the jury, before argument, the proposition of law submitted on behalf of the defendant. Under General Code, Section 11447, subd. 5, it is provided that requests to charge before argument shall be submitted in writing, and it must affirmatively so appear. *Village of Monroeville* v. *Root*, 54 Ohio St., 523, 44 N. E., 237; *C. & E. Elec. Rd. Co.* v.

*Hawkins,* 64 Ohio St., 391, 60 N. E., 558; *Clark, Admr.,* v. *Boltz,* 10 C. C. (N. S.), 1, 19 C. D., 665; *Toledo, Fremont & Norwalk Ry. Co.* v. *Gilbert,* 2 C. C. (N. S.), 432, 14 C. D., 181.

In the request submitted it does not affirmatively appear that the same was in writing, and, further, said request to charge contains more than a single proposition of law, which is contrary to the principle laid down in *American Steel Packing Co.* v. *Conkle,* 86 Ohio St., 117, 99 N. E., 89. Clearly, the trial court properly refused to submit this request to the jury.

Error is also claimed to have been committed by the trial court in his charge to the jury. The charge is quite lengthy, but it is apparent that the court sought to place before the jury a full and impartial review of the evidence in the case, and the court's view of the law applicable under such evidence, stated as it is in such plain and explicit language that it is quite impossible to conceive how a jury could fail to thoroughly understand and intelligently apply it. The question remains, however: Was the correct rule of law given by the court to the jury? As a proposition of law we think that ordinarily an application and policy constitute a contract of insurance, but we have a different condition to deal with here. The contract here is a contract for insurance based on the representations and warranties of defendant's agent, and in support of the proposition that such a contract entered into is maintainable we cite the case of *Liberty Mutual Insurance Co.* v. *Houck,* 32 O. C. A., 429, 35 C. D., 795, wherein the Court of Appeals says that it is "well settled

that an insurance contract may be entered into by the assured and a duly authorized agent of the insurer to take effect at once, and that a valid obligation is thereby imposed upon the insurance company.''

In that case the court cites 14 Ruling Case Law, 850, *Eames* v. *Home Ins. Co.,* 94 U. S., 621, 24 L. Ed., 298, *Insurance Co.* v. *Whitman,* 75 Ohio St., 312, 79 N. E., 459, *Machine Co.* v. *Insurance Co.,* 50 Ohio St., 549, 35 N. E., 1060, and *Ins. Co.* v. *Kelly,* 24 Ohio St., 345, 15 Am. Rep., 612, and says that there is abundance of authority in this state and elsewhere that a ''valid insurance contract *in præsenti* may be made in advance of the issuance of the policy.''

Motion to certify to the Supreme Court the record in the *Liberty Mutual Insurance Co. case, supra,* was overruled by the Supreme Court May 23, 1922, Supreme Court No. 17404.

It is unnecessary to add that in the instant case the contract claimed to have been made on the part of the plaintiff, if so made, falls within the rule laid down by the authorities cited, especially by the court's holding in the *Liberty Mutual Ins. Co. case, supra.* But counsel for plaintiff in error, while admitting that there was some preliminary conversation before said application was taken and made, although denying the conversation as claimed by defendant in error, argue that said conversation and application did not create a contract, that the contract was not made until the policy was issued, and that under such policy no recovery by virtue of clause 5 therein could be had until 30 days after the issuance of the policy. They further

claim that this was fully understood by defendant in error and decedent, and as tending to show that it was so understood attention is called to the fact that a copy of a policy of insurance to be issued on a similar application was read by decedent, whereby he became and was informed of what the policy to be issued to him would contain, before he signed such application, all of which is denied by defendant in error. Of course, if such copy was shown to and read by decedent, and he was notified that a like policy of insurance would be issued to him, and he assented to it, he would be chargeable with such notice.

But it is here claimed on behalf of defendant in error that decedent had no such information or notice, and, moreover, that he relied on the representations and warranties claimed to have been made by plaintiff in error's agent before he signed said application. Noticing the language of the application, it will be observed that it contains no provision whatever concerning a 30-day limitation of payment in case of accidental death. The application is absolutely silent on the subject, and if decedent had no information to the contrary, and relied on the representations and warranties made by said agent, as hereinbefore mentioned, would it not be fair to presume that the policy to be issued would contain no other or different provision? And if it did, it would not be the contract entered into between said decedent and said company. The contract as claimed by defendant in error was included in the application, to take effect upon its acceptance by the secretary of the company, and it was so accepted, without

change, and in the absence of actual notice to the insured he would not be bound to take notice of conditions inconsistent with the insurance expressly contracted for by the company's agent, nor of conditions contained in clause 5, carried into the printed form of said plaintiff in error's policy without such notice. The controverted facts arising in the progress of the trial were for the determination of the jury under proper instructions of the trial court, but counsel for plaintiff in error claim that that court failed to properly instruct the jury. We think otherwise. In a carefully prepared written charge the trial court fully instructed the jury as to the character of the case, under the pleadings and evidence, accompanied with a fair and impartial statement of the law applicable thereto.

*Judgment affirmed.*

HOUCK and PATTERSON, JJ., concur.